CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JAN 2 2 2007
JOHN F. CORCORAN, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD ALEXANDER CLAY,<br>Petitioner, | Civil Action No. 7:06CV00335 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>Respondent. | By: Hon. Norman K. Moon<br>United States District Judge |

Richard Alexander Clay, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The action is presently before the court on the respondent's motion to dismiss. For the reasons that follow, the court will grant the respondent's motion.

## Background

On May 3, 2005, Clay was charged in a two-count superceding indictment returned by a federal grand jury in the Western District of Virginia. Count One charged Clay with knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Count Two charged Clay with knowingly possessing a firearm while being subject to a court order which restrained him from harassing, stalking, or threatening an inmate partner, in violation of 18 U.S.C. § 922(g)(8).

On May 4, 2005, Clay appeared before the court for a jury trial. The jury ultimately found Clay guilty of both charges. On July 22, 2005, the court sentenced Clay to a term of imprisonment of thirty-six months for each charge, to run concurrently, followed by a thirty-six-month period of supervised release. Clay's convictions and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit on April 14, 2006.

On May 30, 2006, Clay filed the instant § 2255 motion. The motion raises the following

claims:

    A. The assistance provided by his defense attorney, Helen Phillips, was ineffective for the following reasons:

        1. Contrary to Clay's requests, a biased juror, Elizabeth Pugh, was not removed from the jury panel;
        2. The chain of custody concerning the "missing backpack" was not addressed;
        3. A report of juror misconduct during the lunch break was not addressed;
        4. Witnesses from the crime scene were purposely omitted from the case;
        5. A transcript from the preliminary hearing in state court was never presented at trial;
        6. "Conflicting testimony from arresting officer and transportation officer"; and
        7. The absence of the backpack denied Clay evidence favorable to his defense.

    B. "Duality of sentence in that Clay received a total term of imprisonment of thirty-six months followed by a thirty-six-month period of supervised release.

The respondent moved to dismiss Clay's motion on August 2, 2006. Since Clay has now filed a response, the motion is ripe for review.

## Discussion

    A. <u>Ineffective Assistance</u>

Clay's ineffective assistance claims are governed by the United States Supreme Court's decision in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). In <u>Strickland</u>, the Supreme Court set forth a two-prong test for evaluating ineffective assistance claims. <u>Id.</u> at 669. The defendant must show that his counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." <u>Id.</u> at 687-688. To satisfy the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

2

In his first ineffective assistance claim, Clay alleges that, contrary to his requests, Phillips did not remove a biased juror, Elizabeth Pugh, from the jury panel.[*] However, Clay has not provided any facts to support his bare assertion of bias, and neither the jury list provided to counsel prior to trial nor the transcript of the jury selection process provide any indication of bias on the part of Pugh. Accordingly, the court agrees with the respondent that Clay has failed to prove that Phillips acted unreasonably in failing to strike Pugh. Likewise, Clay has failed to establish that there is a reasonable probability that the outcome of the trial would have been different had Pugh been stricken from the jury panel.

Clay next alleges that his attorney was ineffective for failing to address the chain of custody of the "missing backpack." Clay also alleges that the absence of the backpack denied him evidence favorable to his defense. In response to these allegations, Phillips explains as follows:

> I am not really sure what he means by missing backpack. Mr. Clay testified in his own defense. Mr. Clay as well as all of the witnesses presented by the government all agreed that he was carrying a backpack on the night in question. It is true that the actual backpack was not introduced into evidence at trial. There was no dispute regarding the existence of the backpack.

(Phillips Aff. at 2). Clay has not come forward with any explanation as to why the actual backpack should have been presented at trial or why its chain of custody should have been handled in a different manner. Consequently, Clay has failed to show that Phillips' performance was deficient, or that it prejudiced his defense.

In his third ineffective assistance claim, Clay alleges that Phillips failed to address a report of juror misconduct during the lunch break. In response, Phillips states that she was not

---

[*]Phillips denies this allegation in her affidavit, which was submitted in support of the respondent's motion to dismiss. According to Phillips, Clay played an active role in the jury selection process and "at no time" indicated that there was any problem with respect to Pugh. (Phillips Aff. at 1).

3

aware of any misconduct, and that "[t]his is the first time that [she has] ever heard this allegation." Despite receiving the opportunity to respond to Phillips' affidavit, Clay has not provided any facts to support his allegation of juror misconduct. Consequently, the court is unable to conclude that Phillips' performance was deficient or that it prejudiced Clay's defense.

Clay next alleges that Phillips purposely omitted crime scene witnesses from the case. However, Clay has not provided the identities of these witnesses or any indication as to what their testimony would have been at trial. Therefore, he has failed to show that Phillips acted unreasonably in failing to call these witnesses or that their absence prejudiced his defense.

Clay also alleges that Phillips erred in failing to present a transcript from a preliminary hearing in state court. In response to this allegation, Phillips explains that she did not become aware of the transcript from Charlottesville General District Court until June 21, 2005, more than a month after the jury trial, when she met with Clay to review the pre-sentence investigation report. Phillips further explains that because Clay never informed her about the transcript prior to trial, she was unable to use it for impeachment purposes. Because Clay has not provided any evidence or argument to rebut Phillips' affidavit, the court is unable to conclude that her performance was deficient. Moreover, Clay has failed to show that there is a reasonable probability that the outcome of the trial would have been different had the transcript been presented.

In his final ineffective assistance claim, Clay alleges that the arresting officer and the transportation officer provided "conflicting testimony." However, Clay has not identified any inconsistencies or set forth any specific facts from which the court could conclude that Phillips was deficient in her examination of the government's witnesses. To the contrary, Phillips zealously represented Clay at trial and extensively cross-examined the government's witnesses,

4

including the arresting officer. Thus, Clay has failed to show that Phillips' performance was deficient or that it prejudiced his defense. For these reasons, Clay's ineffective assistance claims are without merit and must be dismissed.

B.  "Duality of Sentence"

In his final claim, Clay alleges that he was improperly sentenced to a thirty-six-month period of supervised release in addition to a term of imprisonment. However, because Clay's period of supervised release was specifically authorized by statute, this claim is also without merit. See 18 U.S.C. § 3583(a).

## Conclusion

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 22nd day of January, 2007.

_____
United States District Judge